**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4028**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW F. LASSITER,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00367-H-1)

───────────────

Submitted:  August 25, 2021           Decided:  September 8, 2021

───────────────

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Nino C. Monea, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew F. Lassiter appeals from the district court's judgment revoking his supervised release, sentencing him to six months' imprisonment, and continuing him on supervised release. On appeal, Lassiter contends that the continuation of his supervised release is substantively unreasonable. We affirm the district court's judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* A revocation sentence can be either procedurally or substantively unreasonable. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the

2

sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).[*]

We conclude that Lassiter's sentence is substantively reasonable. Throughout the hearing, the district court expressed its desire for Lassiter to stop using drugs. Releasing Lassiter from imprisonment without supervision would undercut this goal by eliminating any structure, and it appears that the pandemic reduced the effectiveness of Lassiter's supervision by making it more difficult to provide structure, including drug treatment, for Lassiter. Moreover, the court's statement—that if Lassiter again violated the terms of his supervision it would give him the maximum possible sentence—indicates that the court imposed a lesser sentence for this violation on the condition that he continue on supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although Lassiter does not challenge the procedural reasonableness of his sentence, we must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if the parties do not address it in their opening briefs. *United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019). We have reviewed the record and found no plain procedural error.